UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
CASE NO.: 07-CV-22816-PCH

GENERAL MANUEL ANTONIO NORIEGA,
Movant,

v.

GEORGE PASTRANA,
WARDEN, FCI MIAMI,

AND

CONDOLEZZA RICE,
SECRETARY OF STATE
UNITED STATES DEPARTMENT OF STATE,
Respondents.
_____/

## ORDER GRANTING STAY OF EXTRADITION

THIS CASE is before the Court on Movant, Manual Noriega's Motion for Stay of Extradition Pending Appeal, ("Motion to Stay"). The Court has considered the Motion to Stay, the Government's Opposition Memoranda, Noriega's Reply Memoranda, and pertinent portions of the record. For the reasons discussed below, the Motion to Stay should be granted.

## PROCEDURAL BACKGROUND[1]

On July 17, 2007, the United States filed an initial complaint for the extradition of Noriega, at the request of the Government of France, pursuant to the Extradition Treaty between the United States and France. Noriega has been convicted *in absentia* in France on charges of engaging in

---

[1] The facts set forth in this procedural background are, for the most part, taken from those submitted by the Government in its Opposition Memoranda and to which Noriega does not take issue.

1

financial transactions with the proceeds of illegal drug trafficking, an offense that corresponds to money laundering under United States law.

On July 23, 2007, Noriega filed a Petition for Writ of Habeas Corpus, Mandamus, and Prohibition seeking an order that the Magistrate Judge immediately cease and desist with any proceedings on the extradition complaint, based on Noriega's argument that the requested extradition violated his rights under the Third Geneva Convention (Geneva III). That petition was brought under 28 U.S.C. § 2255, and was filed as part of Noriega's prior criminal case. After a hearing on August 13, 2007, Judge William Hoeveler denied the petition for lack of jurisdiction because § 2255 "applies to challenges against the sentence imposed, and [Noriega] has not cited any defect in this Court's sentence as to [him]." Because of the unusual nature of Noriega's Petition and the extensive history of this case, Judge Hoeveler went on to note, among other points, that if he did have jurisdiction over Noriega's petition, he would have denied it on the merits, because "a strict adherence to the terms of [Geneva III,], both as to the letter and the spirit of the Convention, does not mandate immediate repatriation but rather supports a decision that Defendant must face those charges which are legitimately brought against him by other parties to the Convention, so long as our international obligations under the Convention are being met." *United States v. Noriega*, 2007 WL 2947472, *4 (S.D. Fla. Aug. 24, 2007)(Noriega II).

Noriega did not file a notice of appeal of this order prior to the extradition hearing, which took place on August 28, 2007. Following that hearing, the Magistrate Judge issued a Certificate of Extraditability on August 29, 2007.

On September 5, 2007, Noriega filed an Emergency Motion for Stay of Extradition and a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. In those pleadings Noriega, for

2

the first time, asserted that the United States had failed to comply with the requirement of Article 12 of Geneva III that it satisfy itself of the willingness and ability of France to apply the Convention prior to the extradition. These pleadings were again filed as part of Noriega's prior criminal case. That same day, Judge Hoeveler granted the Emergency Motion for Stay, in part, ordering Noriega to present credible evidence in support of the claims made in this petition by 9:00 a.m. on September 6, 2007, and ordering the United States to reply by 12:00 p.m. on September 6, 2007. Both Noriega and the United States complied with that order.

On September 7, 2007, Judge Hoeveler issued an order dismissing the second petition for Writ of Habeas Corpus and lifting the Stay of Extradition. Once again, Judge Hoeveler held that he did not have jurisdiction to rule on this petition. Judge Hoeveler noted that the proper mechanism for challenging a certificate of extraditability is a petition for writ of habeas corpus filed as a new civil action, not a petition as part of the pre-existing criminal case. However, Judge Hoeveler went on to state that, if he had jurisdiction over the petition, he would have denied it on the merits because, among other things, "the United States 'has satisfied itself . . . [that Defendant] will be afforded the same benefits that he has enjoyed for the past fifteen years in accordance with this Court's 1992 order declaring him a prisoner of war.'" *United States v. Noriega*, 2007 WL 2947981, *1 (S.D. Fla. Sept. 7, 2007)(Noriega III).

On September 7, 2007, Noriega filed two separate notices of appeal. One notice of appeal sought review of Judge Hoeveler's August 27, 2007 Order denying his § 2255 habeas petition. The other notice of appeal sought review of Judge Hoeveler's September 7, 2007 Order denying his § 2241 habeas petition. On October 5, 2007, the Eleventh Circuit Court of Appeals dismissed the appeal of the September 7, 2007 Order for want of prosecution, as Noriega did not pay the docketing

and filing fees. On October 17, 2007, Noriega filed a motion for a certificate of appealability with respect to the pending appeal of the August 24, 2007 Order. The United States filed an opposition to that motion on October 18, 2007. On January 2, 2008, the Court denied the motion.

On October 26, 2007, Noriega filed this third petition for a writ of habeas corpus to stop his extradition to France. That petition was assigned to this Court. On January 9, 2008, this Court held a hearing on the petition and, in accordance with the agreement among the Court and the parties as to the appropriate procedure to follow, ruled from the bench that the petition was denied. On January 15, 2008, this Court issued a written Order denying the petition. The following day, Noriega filed this Motion to Stay Extradition.

## DISCUSSION

In considering a motion for stay pending an appeal, the Court should consider these factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceedings; and (4) where the public interest lies." *Hilton v. Braunskill*, 481 U.S. 770, 776 (1987). The Eleventh Circuit Court of Appeals has observed that "[o]rdinarily the first factor is the most important . . . But the movant may also have his motion granted upon a lesser showing of a 'substantial case on the merits' when the 'the balance of the equities [identified in factors 2, 3, and 4] weighs heavily in favor of granting the stay.'" *Garcia-Mir v. Meese*, 781 F.2d 1450, 1453 (11th Cir. 1986)(*quoting Ruiz v. Estelle*, 650 F.2d 555, 565 (5th Cir. 1981) (*per curiam*), *cert. denied*, 460 U.S. 1042, 103 S. Ct. 1438, 75 L. Ed. 2d 795 (1983)).

Here, while the Court considers that Noriega has not made a strong showing that he is likely

4

to prevail on the merits, he has convinced the Court that he presents a "substantial case on the merits." This is particularly so because of the unique legal issues raised in this case. This case involves interpreting complex provision of the Geneva Convention and applying them to a unique set of circumstances. It also involves a complex interplay between the Geneva Convention and the extradition treaty between the United States and France. It appears that these are legal issues on which no other federal court has ruled, directly or indirectly. Thus, this is a case of first impression and even though this Court, as well as Judge Hoeveler, rejected Noriega's position, Noreiga asserts credible arguments pertaining to these unique issues, particularly with regard to the interpretation of certain provisions of the Geneva Convention. Moreover, in balancing the other factors, the Court finds that they weigh heavily in favor of a stay and that a stay pending resolution of Noriega's appeal is appropriate and in the interest of justice.

First, if the stay is not granted it is obvious that Noriega will be extradited to France before his appeal is resolved. Once Noriega is extradited to France, the federal courts will lack jurisdiction and the appeal will effectively be mooted. Thus, even if Noriega prevails on his appeal, it would be a Pyrrhic victory. Noriega will already be in France. Accordingly, the Court finds that Noriega will be irreparably harmed if a stay pending appeal is denied.

Second, the granting of a stay will not harm either the United States or France. This case and related criminal case have been pending for many years. In the meantime, France has patiently waited their conclusion. A short delay during the appeal will not, in any meaningful way, harm or otherwise adversely affect France's prosecution of Noriega or the diplomatic relationship between the United States and France. As Noriega correctly observes, he "is not going anywhere."

Third, it is in the public interest that Noriega be given a full, fair opportunity to litigate his

5

claim that extradition to France violates his rights under the Geneva Convention. If Noriega wins his appeal after he is extradited, he will have been denied a meaningful review of the Court's order. That is not in the public interest. Rather, the public interest is better promoted by a full, meaningful determination of Noriega's rights. It is also in the public interest to establish the appropriate legal principles to be applied in the future if a similar case arises.

## CONCLUSION

Having determined that Noriega presents a substantial case on the merits and that the other relevant factors weigh heavily in favor of staying Noriega's extradition pending his appeal, the Court grants the Motion to Stay. Accordingly, Noriega's extradition is stayed pending further order of the Court. All parties to this action shall proceed accordingly.

DONE AND ORDERED in chambers in Miami, Florida this 30te day of January, 2008.

PAUL C. HUCK
U.S. DISTRICT COURT JUDGE

cc: All Counsel of Record